UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mark Harrod,                                                         Case No. 3:23-cv-701

                  Plaintiff,

v.                                                             ORDER

Maverick Transportation, LLC, et al.,

                  Defendants.

On April 4, 2023, Plaintiff Mark Harrod filed this action, invoking the court's original diversity jurisdiction to assert a state law claim of negligence against the Defendants. (Doc. No. 1).

For a district court to have original diversity jurisdiction over a case, complete diversity must exist between the parties to the dispute. 28 U.S.C. § 1332(a). To satisfy the diversity jurisdiction requirements, the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1). The citizenship of an individual is determined by the domicile of an individual. *See Certain Interested Underwriters at Llyod's, London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994) (citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990)).

In the Complaint, Plaintiff states he "is a resident of Auglaize County, Ohio." (Doc. No. 1 at 2). Plaintiff also states Defendants Jeffrey Compton, Madeline Hefner, and Shelby Bohman "reside within the State of Ohio." (*Id.*). Plaintiff states nothing to suggest these parties' residency is not also their domicile. Therefore, from the facts states in the Complaint, I find both Plaintiff and the individual Defendants to be citizens of Ohio.

Because complete diversity does not exist, this case is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

So Ordered.

                                                              s/ Jeffrey J. Helmick
                                                              United States District Judge